# JUDGE LEISURE

BLANK ROME LLP
Attorneys for Plaintiff,
NORDANA PROJECT & CHARTERING,
LeRoy Lambert (LL 3519)
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000

**08 CV 5358**

RECEIVED
JUN 1 1 2008
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NORDANA PROJECT & CHARTERING A/S<br><br>Plaintiff,<br><br>-against-<br><br>CONCORDIA SHIPYARDS BV<br><br>Defendant. | 08 Civ.<br><br>**VERIFIED COMPLAINT** |

Plaintiff, Nordana Project & Chartering A/S ("Plaintiff"), by its attorneys Blank Rome LLP, complaining of the above-named Defendant, Concordia Shipyards BV ("Defendant"), alleges upon information and belief as follows:

1.    This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. §1333.

2.    At all material times, Plaintiff was and now is a corporation organized and existing under the laws of Denmark with a place of business at 113, Rungsted Strandvej, DK-2960, Rungsted Kyst, Denmark.

3.    At all material times, Defendant was and is a foreign corporation or other business entity organized under the laws of Holland with a place of business at Sasdijk 31 4521 AB Werkendam, Holland.

4.    By a charter party dated September 3, 2007 ("the Charter"), Plaintiff chartered the M/V NORDANA MAXIMA ("Vessel") to Defendant to transport barges from a port in China to Rotterdam, Holland.

5.    The Vessel was owned by M/S Maxima Schiffahrtgesellschaft mbH & Co. Reederei KG ("Vessel Owner").

6.    The Charter obliged Defendant to pay freight, demurrage, and other amounts in consideration of Plaintiff performing the voyage described in the Charter.

7.    In particular, Defendant was obliged to load barges whose height did not exceed 14.5 meters. Defendant nevertheless loaded barges to a height of 15.45 meters.

8.    In addition, Defendant loaded additional cargo on board the Vessel which Plaintiff had not agreed in the Charter to transport.

9.    Plaintiff performed the Charter, and, as a result of Defendant's breaches of the Charter, Defendant owes Plaintiff the following amounts, none of which have been paid, although duly demanded:

        a.    Demurrage and/or damages for detention in the amount of €347,625;

        b.    Extra freight for the additional cargo in the amount of €50,000;

c.    Additional expenses incurred as a result of the need to alter the stowage of the cargo and restow it to meet the height requirements of the Charter in the amount of €48,854.

d.    Claims presented by Vessel Owner to Defendant in the amount of €177,872.66 for expenses caused by Defendant's breach of the Charter.

e.    Hire paid by Plaintiff to the Vessel Owner from February 20 to February 27 @ €10,650 per day for 7.26731 days, or €77,397.99 when the Vessel Owner refused to order the Vessel to enter the Port at Rotterdam.

f.    Hire paid to the owner of the M/V CLIFF while bunkers on board her which the Vessel Owner caused to be arrested from February 20-27 @ $9,000 per day for 7.34917 days, $66,131.25.

10.    The total amount due in Euros (9(a)-(e) above) is €701,749.65, which based on the Euro/Dollar exchange rate of $1.54730/ €1 on June 10, 2008 is $1,085,817. This amount plus the amount of 9(f) above, $66,131.25, equals $1,151,948.25.

11.    The Charter provides for arbitration of disputes in London, England. Plaintiff has commenced arbitration against Defendant in London and reserves its right to arbitrate the disputes, pursuant to 9 U.S.C. §8.

12.    Maritime Arbitrators in London award interest, legal fees and arbitral costs to a successful party. If the dispute is arbitrated through a final award, Plaintiff estimates: recoverable interest will amount to at least $184,312 at a rate of 8% per year for at least 2 years; recoverable arbitral and legal fees/costs will be incurred in the sum of at least $120,000, amounting in all to recoverable interest and costs of at least $304,312.

13.     The total amount of Plaintiff's claims for breach of the Charter is therefore **$1,456,260.25.**

14.     Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight, hire, and/or credits in the hands of garnishees in this District, including but not limited to electronic fund transfers, because Defendant conducts business internationally in U.S. Dollars, and all electronic fund transfers are processed by intermediary banks in the United States, primarily in New York.

**WHEREFORE,** Plaintiff prays:

A.     That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.     That since Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendant's tangible or intangible property or any other funds held by any garnishee in the District, including electronic fund transfers to or from Defendant, in the District which are due and owing or otherwise the property of the Defendant up to the amount of **$1,456,260.25** to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.     That this Court enter judgment for Plaintiff's damages plus interest and costs, or retain jurisdiction over this matter through the entry of a judgment on an arbitration award.

D.    That Plaintiff may have such other, further and different relief as may be just and

proper.

Dated:  New York, NY
        June 11, 2008

                                    Respectfully submitted,

                                    BLANK ROME, LLP
                                    Attorneys for Plaintiff

                                    By_____
                                          LeRoy Lambert (LL-3519)
                                    The Chrysler Building
                                    405 Lexington Avenue
                                    New York, NY  10174-0208
                                    (212) 885-5000

## VERIFICATION

STATE OF NEW YORK      )
                              : ss.:

COUNTY OF NEW YORK   )

LeRoy Lambert, being duly sworn, deposes and says:

1.     I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for the Plaintiff.

2.     I have read the foregoing Complaint and I believe the contents thereof are true.

3.     The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4.     The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

_____
LeRoy Lambert

Sworn to before me this
11th day of June, 2008

_____
Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4783126, Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires
Nov. 30, 2009

BLANK ROME LLP
Attorneys for Plaintiff,
NORDANA PROJECT & CHARTERING
LeRoy Lambert (LL 3519)
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NORDANA PROJECT & CHARTERING, A/S<br><br>Plaintiff,<br><br>-against-<br><br>CONCORDIA SHIPYARDS BV<br><br>Defendant. | 08 Civ.<br><br>**AFFIDAVIT PURSUANT TO**<br>**SUPPLEMENTAL RULE B** |

STATE OF NEW YORK     )
                      )     ss:
COUNTY OF NEW YORK  )

LeRoy Lambert, being duly sworn, deposes and says:

1.    I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the Verified Complaint and submit this affidavit in support of Plaintiff's request for the issuance of Process of Maritime Attachment and Garnishment of the property of Defendant, a foreign corporation, pursuant to Supplemental Rule B For Certain Admiralty and Maritime Claims of the Federal Rules of the Federal Rules of Civil Procedure.

2.    Defendant is a party to the maritime contract of charter party on which this claim is based, and is a foreign corporation or other business entity organized and existing under the laws of Holland or another foreign jurisdiction.

129688.00601/6641270v.1

3.      Under my supervision, my office conducted a search of the New York State Secretary of State, Division of Corporations, the Transportation Tickler, telephone assistance, and a general internet search.

4.      In our search, we did not find any listing or reference to Defendant in this judicial district or the state of New York. In the circumstances, I believe Defendant cannot be found within this district.

5.      Plaintiff has previously sought security from Defendant in Holland for the claims presented in this matter. The Dutch Court, however, held that Plaintiff was not entitled to security under the applicable provisions of Dutch law, even though disputes under the relevant charter party are subject to English law and to be decided by arbitration in London. The decision is not "on the merits" under Dutch law.

_____
LeRoy Lambert

Sworn to before me this
11th day of June, 2008

_____
Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4783126, Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires Nov. 30, 2009

2